PAINT LICK TURNPIKE CO. *v.* E. B. WALLACE & OTHERS.

**Subscriptions—Payment.**

> Persons who subscribe for stock in a turnpike company can not
> refuse to pay their subscriptions until the road has been built
> through their lands, in the absence of a stipulation in a subscrip-
> tion contract to that effect.

### APPEAL FROM MADISON CIRCUIT COURT.

January 14, 1873.

OPINION BY JUDGE PRYOR:

There is some conflict in the testimony as to the benefits resulting
to the appellees from the partial construction of the turnpike road to
or near their lands. It is evident from the statements of the appel-
lees themselves that the original design of the company was to
build the road from the railroad as far as Flat Gap.

The stockholders or subscribers were all desirous of having the
road located on a certain route, and so far as the proof shows and
to the extent the road had been completed, it is located on the
ground contemplated by all the parties. The testimony is clear and
conclusive that Wallace, one of the appellees, was satisfied with
its location and construction with reference to his farm on which
he lived, but he is insisting, as well as his co-appellees, the two bank-
ers, that before they can be compelled to pay their money sub-
scribed the road must be finished to Mason's Fork, or extended up
that branch of the principal creek. Their subscription, however, is
not based upon the condition that the road is to be completed to
that point before they are made to pay. If so, the road must be
abandoned and the subscribers released from the payment of the
money claimed. They, however, agree to pay, provided the road
runs to a certain point and then up a particular creek, having
reference to the location of the road and not the payment of the
money.

They agree to pay in such calls as are made upon them by the
company, and if when these calls are made it appeared that the
route had been changed and the company had located the road upon
a different creek than the one agreed on, then no recovery could

be had.  The only mode of making the road run to the point desig-
nated by the subscription is for the appellees to pay the money, so
as to enable the company to construct it.  Wallace and I. A. Baker
own land very near this turnpike road.  It runs onto the land of
Wallace, and within a few hundred yards of the land of I. A.
Baker.  Prior to its construction they had from five to seven miles
of dirt road to travel over in order to get to the railroad depot.
Now they have five miles of turnpike to travel upon.

If these appellees are released, all the parties to the contract,
or who subscribed, might have refused to pay until the road was
completed through their lands, and thus prevented any effort at its
construction.  If the parties did not intend to pay the money until
the road was finished, they should have so stipulated.  No road
could be made, as said by this court in the case of *McMillan v. The
Maysville and Lexington Road*, 15 B. Monroe 234, if under
such subscription the payment can be postponed and the comple-
tion of the road demanded.  There was no objection in the court
below to a prosecution of the joint action for these several liabilities.

The judgment is reversed with directions to the court below
to render a separate judgment for the amount due by each of the
appellees, to be credited by any amount due them by the road, and
if the appellees desire to take proof on this subject they should be
permitted to do so.

*Burnam, for appellant.*

*Carpenter, for appellees.*